In the Matter of DENNIS F. SULLIVAN et al., Petitioners, against OSCAR M. TAYLOR et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, New York County, December 22, 1954.

*Edward M. Edenbaum, Morris Shapiro* and *Murray Sendler* for petitioners.

*Nathaniel L. Goldstein, Attorney-General* (*Donald L. Jacoby* of counsel), for respondents.

Dɪ Fᴀʟᴄᴏ, J. This is an application to annul the action of the State Civil Service Commission which had prescribed seniority rules for the promotion examination for the position of assistant special deputy clerk of the Supreme Court, First Department. After the petitioners completed their examination and after their identities became known to the State Civil Service Commission, the seniority rule was amended by limiting such seniority to service in the Supreme Court only, while the original rule gave these petitioners seniority for county service in that they had been employed in the office of the commissioner of jurors and the Court of General Sessions respectively.

I believe that a change of the rules after the examination was unfair to the petitioners and deprived them of their constitutional rights. It was clearly an " impairment of the obligations of a contract " and the limitation of seniority rights to the Supreme Court was wholly capricious and arbitrary.

The case of *Matter of Brady* v. *Finegan* (269 N. Y. 571) cannot aid the State Civil Service Commission since that case dealt with original appointments and not promotions.

The case at bar covers employees who are already in the service and the passing of rules and regulations by which some

of the employees may be promoted without any objective tests being prescribed therefor is in violation of the letter and spirit of the Civil Service Law of the State.

The motion to rescind the ruling of the State Civil Service Commission which deprived these petitioners of the seniority rights must be granted. Settle order.